IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 93-10043-JWB

UNDRA DAWAIN LEE,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's petition for writ of coram nobis. (Doc. 52.) The petition is fully briefed and ripe for decision.[1] (Doc. 54.) The petition is DENIED for the reasons stated herein.

On May 19, 1993, Defendant was indicted with three counts of possession with intent to distribute crack cocaine and one count of possession of a firearm in furtherance of drug trafficking. (Doc. 1.) Defendant was represented by counsel and entered a plea to the § 924(c) charge. The other charges were dismissed. Judgment was entered on October 29, 1993. (*Id.*) Defendant did not file a direct appeal but filed a § 2255 motion on October 14, 2004. The motion was denied as untimely. Defendant filed an appeal. (Doc. 50 at 4.) The Tenth Circuit held that the court did not err in dismissing the § 2255 motion as untimely because Defendant had not diligently pursued his claims. Further, although Defendant raised actual innocence, he did not attempt to prove actual innocence for all four counts in the indictment as required under Supreme Court precedent. (*Id.* at 5.)

---

[1] Defendant did not file a reply brief and the time for doing so has passed.

1

Defendant is no longer in federal custody but is currently incarcerated in Kansas for state crimes. (Doc. 54 at 2.) Defendant petitions for a writ of coram nobis and asks the court to vacate his conviction on the basis of actual innocence and new evidence. In support of his petition, Defendant has attached an affidavit from Merlene Blue stating that Defendant did not live at the house where the drugs and the gun were seized, those items did not belong to Defendant, and that Defendant was not present on the day officers seized those items. (Doc. 52-3.) Blue further states that she resided at this residence at the time.[2]

"A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Miles*, 923 F.3d 798, 802 (10th Cir. 2019) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). The Tenth Circuit has held that a "petition for writ of coram nobis must be rejected if the claim was raised or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence." *Id.* at 804. Here, Defendant could have raised this issue on direct appeal. Defendant makes no attempt to explain why this evidence, which is an affidavit of someone who allegedly lived at the residence where the drugs and/or weapon were seized, could not have been presented at the district court or on direct appeal more than 30 years ago. His petition is also untimely in that he makes no effort to explain the significant delay in filing this motion.[3] Further, the record is clear that Defendant raised actual innocence in an attempt to justify his untimely § 2255 motion. Therefore, his claim must be rejected.

---

[2] The affidavit generally refers to the case number and "events" surrounding the case but fails to provide details such as dates. (Doc. 52-3.) Even if Defendant was not procedurally barred from raising his claim as discussed herein, the court would find that this evidence is insufficient for the extraordinary relief he seeks.

[3] Defendant's conclusory allegations regarding ineffective assistance of counsel with respect to his guilty plea are insufficient. *United States v. Frank*, No. 24-4021, 2024 WL 4164254, at *3 (10th Cir. Sept. 12, 2024).

Defendant's petition for writ of coram nobis (Doc. 52) is DENIED.

IT IS SO ORDERED.  Dated this 24th day of January 2025.

                                            __s/ John Broomes _____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE